UNITED STATES of America,
Plaintiff—Appellee,

v.

Juan GARCIA–SANDOVAL,
Defendant—Appellant.

No. 08–50408.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 4, 2009.

Filed Dec. 23, 2009.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

Luella M. Caldito, Assistant U.S., Robert Steven Huie, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Erick L. Guzman, Esquire, Federal Public Defender, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FISHER and GOULD, Circuit Judges, and ENGLAND, District Judge.*

## ORDER WITHDRAWING MEMORANDUM DISPOSITION AND DENYING PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

The memorandum disposition filed September 25, 2009 is withdrawn. A superseding memorandum disposition is being filed concurrently with this order.

The panel has voted to deny the petition for rehearing. Judges Fisher and Gould voted to deny the suggestion for rehearing en banc and Judge England so recommends.

The full court has been advised of the suggestion for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

Appellant's petition for rehearing and suggestion for rehearing en banc, filed November 20, 2009, is **DENIED**. No further petitions for rehearing will be permitted.

## MEMORANDUM **

Juan Garcia–Sandoval appeals the district court's judgment entered on a conditional guilty plea given after denial of a motion to suppress. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's denial of a motion to suppress de novo and the district court's underlying factual findings for clear error. *United States v. Delgado*, 545 F.3d 1195, 1200 (9th Cir.2008).

The district court properly concluded that Garcia–Sandoval was subject to an investigative stop rather than an arrest when officers took precautionary measures during a 4:00 a.m. stop of a vehicle that had been reported stolen. *See Allen v. City of Los Angeles*, 66 F.3d 1052, 1056–57 (9th Cir.1995) (holding police use of "reasonable methods to protect themselves and others in potentially dangerous situations" does not convert investigative stop into an arrest). Garcia–Sandoval does not contest that police had reasonable suspicion sufficient to carry out a *Terry* stop. Therefore, the stop did not violate Garcia–Sandoval's Fourth Amendment rights.

The district court also properly determined that the officer who spoke with Garcia–Sandoval did not unduly prolong the detention by asking a series of questions concerning identity. *See United States v. Christian*, 356 F.3d 1103, 1106 (9th Cir.2004) ("[D]etermining a suspect's identity is an important aspect of police authority under *Terry*." (citing *Michigan v. Summers*, 452 U.S. 692, 700 n. 12, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981))). Nor did the officer prolong the detention by

---

* The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

asking a series of biographical questions after Garcia–Sandoval was unable to produce identification or provide his social security or driver's license numbers. *See United States v. Turvin,* 517 F.3d 1097, 1101–02 (9th Cir.2008) (holding "brief pause" to ask unrelated questions reasonable based on hunch not amounting to reasonable suspicion).

Finally, the district court found that Garcia–Sandoval was not in custody for *Miranda* purposes. Even assuming he were in custody, however, *see United States v. Craighead,* 539 F.3d 1073, 1082 (9th Cir.2008), the questioning was not for the purpose of a criminal prosecution for violating the immigration laws. *See United States v. Chen,* 439 F.3d 1037, 1041–42 (9th Cir.2006); *United States v. Salgado,* 292 F.3d 1169, 1173–74 (9th Cir.2002).

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.